CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
APR 19 2006
JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT EMMETT,<br><br>*Petitioner,*<br><br>v.<br><br>WILLIAM PAGE TRUE, Warden,<br>Sussex I State Prison,<br><br>*Respondent.* | CIVIL ACTION NO. 7:05cv00329<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Petitioner Christopher Scott Emmett's Motion to Alter or Amend the Court's Order of February 27, 2006 under Rule 59(e). For the following reasons, this motion is DENIED.

## PROCEDURAL HISTORY

Emmett was convicted by a Danville, Virginia jury on October 10, 2001 for the murder of John Langley. After exhausting his state post-conviction remedies, he filed a petition for a writ of habeas corpus in this Court on August 31, 2005. The Court denied his petition on February 27, 2006. Emmett then timely filed a motion to alter or amend the Court's order under Rule 59(e).

## DISCUSSION

The Fourth Circuit has recognized three grounds for motions to alter or amend judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account

1

for new evidence not available at trial; or (3) to correct a clear error of law or prevent a manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *E..E.O.C. v. Lockheed Martin Corp., Aero and Naval Systems*, 116 F.3d 110, 112 (4th Cir. 1997). Mere disagreement with the district court's decision does not support a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1082. Similarly, Rule 59(e) motions are not to be used to raise arguments that could have been raised before the entry of judgment. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In general, granting a motion under Rule 59(e) is an extraordinary remedy which should be used sparingly. *Id.*

Here, Emmett's arguments for reconsideration are based on the third ground supporting Rule 59(e) motions. Emmett argues reconsideration is appropriate because (1) the Court erroneously applied 28 U.S.C. § 2254(d)(2) by requiring the petitioner to show that state court decisions, rather than the factual determinations on which those decisions were based, were unreasonable; (2) the Court's analysis of Emmett's claim II was flawed; (3) the Court's prejudice analysis of Emmett's claim III was flawed; and (4) the Court's analysis of Emmett's claim I was flawed. The Court will address each of these arguments in turn.

Emmett argues that the Court effectively read section 2254(d)(2) out of the AEDPA by requiring Emmett to prove that the state court decision itself was unreasonable, rather than that the state court decision was based on an unreasonable determination of the facts in light of the state court record. As evidence of this error, Emmett refers to the Court's discussion of the Virginia Supreme Court's finding that "counsel interviewed all the witnesses provided by the petitioner." Pet. For Writ of Habeas Corpus, at 60. According to Emmett, the Court's determination that this finding does not alter the overall reasonableness of the Virginia Supreme

2

Court's decision is erroneous because it requires more than section 2254(d)(2) demands.

Emmett has failed to show that the Court committed a clear error of law, however. The Supreme Court specifically stated regarding section 2254(d)(2) that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). *Miller-El* thus apparently considers the objective reasonableness of the state court's decision. In examining Emmett's claims, the Court thus required no more than *Miller-El*.

Further, section 2254 requires that "the adjudication of the claim— (2) resulted in a decision *that was based on* an unreasonable determination of the facts in light of the evidence." (emphasis added). Although the Court noted that the Virginia Supreme Court was apparently mistaken when it stated that trial counsel had interviewed all of the witnesses supplied by Emmett, it also noted that this did not alter the overall reasonableness of the Virginia Supreme Court's decision; in other words, the Virginia court's decision was not "based on an unreasonable determination of the facts." § 2254(d)(2). The Virginia Supreme Court discussed a variety of factors that led it to reject Emmett's claim on this point, including his own statements about his childhood, his counsel's investigation of his school and prison records, and his counsel's conversations with one of his juvenile probation officers. In *Valdez v. Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001), the court noted that a state court's determination of the facts may be reasonable under section 2254(d)(2) even if the state court erred with regard to a specific fact. Hence, Emmett has failed to show that the Court improperly applied section 2254(d)(2).

Emmett also argues that the Court's analysis of his claim II was flawed. In this claim,

3

Emmett argued that his counsel unreasonably failed to present mitigating evidence. In his motion to alter or amend, Emmett essentially reargues this point.[1] As noted above, mere disagreement with the district court does not support a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1082. Nor does Emmett's argument regarding the Court's application of *Rompilla v. Beard*, 125 S. Ct. 2456 (2005), show that the Court committed a clear error of law. As the Memorandum Opinion of February 27 notes, *Strickland v. Washington*, 466 U.S. 668 (1984), governs Emmett's ineffective assistance of counsel claims, and Emmett has failed to show that the Court misapplied the standards that case sets forth.

Similarly, Emmett's argument regarding the prejudice prong of Count III is essentially a reargument of his position on this point in the petition for habeas corpus, and as such, does not satisfy the requirements of a motion to alter or amend.

Finally, Emmett argues that the Court erred in analyzing claim I, in which Emmett argued that his trial counsel was ineffective in failing to present expert testimony on the effects of his alcohol and drug consumption. Emmett argues that expert testimony about the physiological effects of alcohol and cocaine would have supported a theory of felony murder, a lesser degree of homicide, and that the Court's emphasis on the negation of malice was mistaken. In its Memorandum Opinion of February 27, however, the Court noted the basis for Emmett's argument: that "[a]lthough Emmett does not say so in so many words, he appears to be arguing that he was too intoxicated to know how hard he was hitting Langley, or that his intoxication

---

[1] Emmett also argues that the Court misstated the facts when it stated in the Memorandum Opinion of February 27, 2006 that Emmett had been abused by his older siblings. Although he has alleged abuse by his stepfather and other caretakers, he has also alleged abuse by a sibling. *See* Appx. to Pet. For Writ of Habeas Corpus, at 188 ("Lauri also described an incident when Scott was thrown through a wall in the trailer by his sister Mary during a fight.")

4

somehow led him to kill where he only meant to rob." None of the cases cited by Emmett in his motion to alter or amend support the proposition that expert evidence about the physiological effects of intoxication is available to for this purpose in a criminal case.[2] *Stevens v. Commonwealth*, 46 Va. App. 234 (2005), *Hall v. Commonwealth*, 32 Va. App. 616 (2000), and *Taylor v. Commonwealth*, No. 1977-94-4, 1995 WL 421877 (Va. App. July 18, 1995) (unpublished), all relate to involuntary manslaughter or aggravated involuntary manslaughter while driving under the influence, which requires a finding that the defendant was under the influence of alcohol or drugs. *Stevens*, 46 Va. App. At 242-43. *Guy v. Commonwealth*, No. 0983-01-3, 2002 WL 15810 (Va. App. Jan. 8, 2002), similarly deals with a conviction for driving while intoxicated. In all of these cases, evidence of intoxication is an actual element of the crime, and thus these cases are not relevant to Emmett's situation. *Fitzgerald v. Commonwealth*, 223 Va. 615 (1982), on the other hand, deals with the very defense that Emmett has disavowed: voluntary intoxication. Specifically, the court held that the expert could testify that, "the ingestion of various quantities of LSD, Tranxene, and beer could not cause a person to commit certain specified acts of violence or render a person incapable of having the intent to commit such acts." *Id.* at 629. Hence, Emmett has failed to show that Virginia law would have allowed expert testimony on this point and thus that the Court erred in its adjudication.

---

[2]Indeed, in Emmett's habeas petition to the Virginia Supreme Court, he appeared to be asserting a voluntary intoxication defense. He stated, "Intoxication is a defense to capital murder. *See, e.g., Essex v. Commonwealth*, 228 Va. 273, 322 S.E.2d 216 (1984) (the defendant may negate the specific intent requisite for capital murder by showing that he was so greatly intoxicated as to be incapable of deliberation or premeditation)." Appx. to Pet. For Writ of Habeas Corpus, at 171. Hence, the Virginia Supreme Court's discussion of voluntary intoxication is not the "non sequitor" that Emmett claims, but rather a response to his reference to *Essex*.

5

## CONCLUSION

Emmett has therefore failed to show that the Court committed a clear error of law or caused a manifest injustice. Hence, his motion to alter or amend judgment under Rule 59(e) must be denied.

An appropriate order shall issue this day.

ENTERED: *Norman K. Moon*
U.S. District Judge

*April 19, 2006*
Date